■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD VASQUEZ, Appellant.—Judgment of the Supreme Court, Bronx County (Fred W. Eggert, J., at hearing and plea; Ivan Warner, J., at sentence), rendered July 1, 1988, convicting defendant, upon his plea of guilty, of burglary in the first degree, criminal possession of a weapon in the second and third degrees, criminal possession of burglar's tools, and criminal possession of stolen property in the fifth degree and sentencing him as a second felony offender to prison terms of 5½ to 11 years on the burglary conviction and second degree weapon conviction, 3½ to 7 years on the third degree weapon conviction, and one year each on the burglar's tools and stolen

property convictions, all terms to run concurrently, is unanimously affirmed.

On November 15, 1987, at approximately 12:30 P.M., two police officers responded to a radio run of a burglary in progress at 1560 Pelham Parkway, apartment 4-E. The radio run stated that the door of the apartment was being tampered with by a male Hispanic wearing a beige jogging suit, and that he was still in the apartment. Within one minute of the radio transmission, the police arrived at the apartment building and were told by a woman on the terrace that the burglar was inside. The officers tried to open the door of apartment 4-E, but it was locked. Two women in the hallway waved to the police that the burglar was inside the apartment. Soon thereafter, defendant exited the apartment. The officers observed that defendant had a shiny object in his hand and testified at trial that, although uncertain, they suspected the object was a weapon. The police officers ordered defendant to halt, grabbed his arm, took the object from his hand and pushed him up against the hallway wall. The suspected weapon turned out to be a double-barrel spring-action pen gun. The officers patted down defendant and felt hard objects in his pockets. They removed jewelry, lock picks and a stolen credit card. Defendant was arrested and handcuffed. The woman who had been on the terrace identified defendant as the man who was tampering with the door.

Defendant challenges the denial of his motion to suppress physical evidence, arguing that the police did not have grounds to seize the gun from his hand and that they also did not have probable cause to search him. We agree, however, with the hearing court that the police officers acted reasonably in forcibly removing the suspected weapon from defendant's hand, and had probable cause to arrest defendant for burglary and, therefore, could search him as an incident thereto.

Probable cause to effect an arrest requires information which would lead a reasonable person under the circumstances to conclude that a crime has been committed (People v McRay, 51 NY2d 594). It is well established that police officers have a right to rely upon information furnished by private citizens who report crimes that they have witnessed or which were perpetrated against them (People v Hicks, 38 NY2d 90, 94; People v Pacifico, 95 AD2d 215, 220). On the basis of the information supplied by the radio dispatcher and the citizen informants who indicated that defendant was in the apartment, in conjunction with the police officers' observation of

defendant, who generally matched the radio description, coming out of the apartment within a minute of the radio transmission, the police officers had probable cause to arrest the defendant for burglary. Furthermore, the officers were justified in forcibly grabbing the object from defendant's hand, since they reasonably suspected that it was a weapon and feared for their safety *(People v Benjamin,* 51 NY2d 267). Concur—Ross, J. P., Asch, Kassal, Wallach and Rubin, JJ.