■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZANO CRUZ, Appellant.—Judgment, Supreme Court, Bronx County (Vincent Vitale, J.), rendered April 24, 1989, convicting defendant after jury trial of criminal possession of a weapon in the third degree, and criminal possession of a controlled substance in the seventh degree, and sentencing him as a second violent felony offender to concurrent terms of imprisonment of 3 to 6 years and 1 year, respectively, unanimously affirmed.

Police officers, responding to a radio run of a prior armed robbery which had occurred two days earlier, were informed

by the victim that one of the robbers was inside his building. As they spoke, defendant exited, and the victim immediately identified defendant as one of the robbers. As police approached defendant, he reached into his jacket pocket. The arresting officer testified that in view of the complaint of an armed robbery, he feared for his safety, and immediately reached in and extracted a loaded gun from defendant's pocket. Twenty-five vials of cocaine were subsequently recovered from defendant's person during a precinct search.

Police officers have a right to rely upon information furnished by private citizens who report crimes that they have witnessed or which have been perpetrated against them (People v Vasquez, 162 AD2d 153, lv denied 76 NY2d 867). Under these circumstances, we presume the credibility of the citizen informant, who was a victim (see, People v Hicks, 38 NY2d 90, 92-93; People v Cruz, 149 AD2d 151) and conclude that the police acted with reasonable suspicion that a crime had been committed (People v Vasquez, supra).

Defendant's challenge to the prosecutor's conduct during cross-examination of the defendant is unpreserved for review as a matter of law (CPL 470.05 [2]). If we were to review, we would note that defendant's voluntary reference to being stopped on the basis of an accusation of robbery, opened the door to the prosecutor's questions on cross-examination. (See, People v McCullough, 141 AD2d 856, 858, lv dismissed 73 NY2d 924.)

Defendant also failed to preserve his present objection to the prosecutor's comment on summation which referred to defendant's admission concerning the unrelated robbery, and we decline to review the claim in the interest of justice. Defendant's challenge to the prosecutor's comment on summation which insinuated that defendant sold drugs, does not warrant reversal, in view of the fact that defendant's objection was sustained and the court issued curative instructions, which we presume were followed by the jury (see, People v Rodriguez, 103 AD2d 121). Concur—Carro, J. P., Milonas, Wallach and Kupferman, JJ.